**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION**

| | |
|---|---|
| **LAURA GONCALVES**  *Individually and on behalf of all other similarly situated current and former employees*,  Plaintiff  v.  **ROCK ENTERPRISES USA, INC**.  *a Florida Limited liability corporation* d/b/a Subway Restaurant, **MARTHA ROBEEN**, *individually* and **JRH & ASSOCIATES, LLC** d/b/a JRH Employee Leasing  Defendants | No. 1:19-cv-00933  **FLSA Opt-in Collective Action**  JURY DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Laura Goncalves, individually and on behalf of all others similarly situated, brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants and shows as follows:

### I.    NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v.*

*Helmerich & Payne,* 323 U.S. 37, 40 (1944)  (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Defendants violated the FLSA in that they failed to pay Plaintiff, Laura Goncalves, for all hours she worked by not compensating her at the rate of time and one-half her regular rate of pay for all the hours worked over 40 hours in one workweek.

3. Defendants further violated the FLSA in that other employees were subject to the same violations as Laura Goncalves.

4. Laura Goncalves brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.   PARTIES

5. Plaintiff Laura Goncalves is an individual who was employed by defendants within the meaning of the FLSA within the three-year period preceding the filing of this Collective Action Complaint. Plaintiff Goncalves hereby consents to be a party in this action.

6. Plaintiff and "the Class" are Defendants' current and former hourly-paid employees who were not paid for all hours worked and who were not paid overtime pay for overtime work and/or minimum wages as required by the FLSA.

7. Defendant Rock Enterprises U.S.A., Inc. ("Rock Enterprises") is a corporation authorized to do business, and does business in the State of Alabama. Defendant Rock Enterprises is a franchisee of Subway restaurants. It can be served through its registered agent, Martha Robeen at 38 S. Blue Angel Pkwy. Ste 347, Pensacola, Florida 32506.

8. Upon information and belief, Defendant Rock Enterprises has a physical presence in the state of Alabama through its two Subway franchises in Lillian, Alabama and Elberta, Alabama. Rock Enterprises also owns four other Subway franchises in Pensacola, Florida.

9. Defendant Martha Robeen is the owner of Rock Enterprises U.S.A. Inc. As the owner of Rock Enterprises, she oversees the day to day operations of her Subway franchises, including the creation and enforcement of the wage and hour policies at those restaurants.

10. Defendant JRH & Associates, LLC d/b/a JRH Employee Leasing is a professional employer organization (PEO), registered with the Alabama Department of Labor. Upon Information and belief, JRH Employee Leasing may be served at its offices located at 11141 US Highway 31 Ste. B, Spanish Fort, Alabama 36527.

### III. JURISDICTION AND VENUE

11. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. §216(b) and 28 U.S.C. §1331.

12. Venue in this District is proper pursuant to 28 U.S.C. §1391(b) and (c) because Plaintiff was employed by Defendant in this District at all times relevant to this action; Defendant regularly has conducted and continues to conduct business in this District; and Defendant has engaged and continues to engage in wrongful conduct alleged herein in this District during all material times to this cause.

### IV. CLASS DESCRIPTION

13. Plaintiff brings this action on behalf of the following similarly situated persons:

> All current and former hourly-paid employees in the United States who work (or have worked) at any of Defendant's owned and operated Subway restaurants at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and three years for willful FLSA

      violations) up to and including the date of final judgment in this matter, and who is a Named Plaintiff or elect to opt-into this action pursuant to the FLSA, 29 U.S.C. §216(b). (Collectively, "the Class").[1]

## V. ALLEGATIONS

14. Defendants own and or operate, or has owned and operated, Subway franchise restaurants in Baldwin County, Alabama, as well as several counties in the Florida panhandle during the relevant period of this action.

15. Plaintiff was employed at Defendants' Baldwin County location, address of 27890 State Street Ste. B Elberta, Alabama 36530, during the last three (3) years, from the third quarter of 2017 through the first quarter of 2018.

16. The primary function of Defendant's Subway restaurants is to sell food and beverage items to customers

17. Defendant has been the "employer" of the Plaintiff and class members within the meaning of 29 U.S.C. §203(d), at all times material to this action.

18. Defendants employed Plaintiff and the Class and was responsible for setting and administering pay and overtime rates, including overtime pay, during all time periods relevant to this Complaint.

19. The decisions regarding compensation of Plaintiff and the Class as well as other terms of employment were made through the centralized management of Defendants' location by the owner of Rock Enterprises, Martha Robeen.

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

20. Defendants have and continue to employ a uniform time keeping system for tracking and reporting employee hours worked at each of its restaurants.

21. Defendants have had a centralized plan, policy and practice (scheme) of strictly enforcing restricted hours of compensable work per day and per week, by requiring, forcing, inducing, and/or suffering or permitting, Plaintiff and the Class to perform work "off the clock", including by editing out or shaving off hours worked by Plaintiff and the Class in excess of forty hours in a work week.

22. Specifically, Plaintiff alleges that on multiple occasions Martha Robeen edited her hours of work so that she was not compensated some or all of the overtime compensation to which she was entitled.

23. During some of these times, Plaintiff was paid an hourly rate of $7.25, the federal minimum wage.

24. Defendants' time editing therefore resulted in Plaintiff being compensated less than the minimum wage of $7.25 per hour for each hour she worked.

25. Plaintiff and the Class are entitled to at least the applicable FLSA minimum wage and overtime compensation rates of pay for all such unpaid "off the clock" time.

26. The net effect of Defendants' aforementioned common plan, policy, or practice of working Plaintiff and class members "off the clock" and/or editing out their compensable work time from its time keeping system is that, by doing so, it willfully violated the FLSA and enjoyed ill-gained profits at the expense of Plaintiff and the class.

27. Although at this stage Plaintiff is unable to state the exact amount owed to her and other members of the class, she believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time

records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI. COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of herself ant the Class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

29. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. §216(b).

30. The members of the Class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time, and can only be ascertained through applicable discovery, Plaintiff believes there are at least several dozen individuals in the putative class.

31. The claims of Plaintiff are typical of the claims of the class. Plaintiff and other members of the class work (or have worked) for Defendants at their Subway restaurants and were subject to the same operational, compensation and time keeping policies and practices including not being paid for the aforementioned "off the clock" hours worked at the applicable FLSA minimum wage and overtime compensation rates of pay as well as being subjected to their compensable work time being edited out or shaved from Defendants' time keeping system. As a result, the "off the clock" and "edited out or shaved" claims of Plaintiff and the Class are unified by common theories of Defendants' FLSA statutory violations.

32. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to the following:

- Whether Plaintiff and other members of the class were required, forced and/or induced to perform work without compensation during all times relevant;

- Whether Defendants suffered and permitted Plaintiff and other members of the class to perform work without compensation during all times relevant;

- Whether Defendants failed to pay Plaintiff and the Class the applicable FLSA minimum wage rate of pay for all work performed during all times relevant;

- Whether Defendants failed to pay Plaintiff and the Class all overtime compensation rates of pay due them for all hours worked in excess of forty (40) hours per week during all times relevant.

- The correct statutes of limitations for the claims of Plaintiff and the Class.

- Whether Plaintiff and the Class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' fees, and costs?

33. Plaintiff will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the Class. Plaintiff has no interests advese to the class and, Plaintiff has retained competent counsel who are experienced in collective action litigation.

34. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the Class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek redress for the wrongs done to them.

35. Plaintiff and other members of the Class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendants.

36. As a result of Defendants' willfulness and lack of any good faith basis for their failure to compensate Plaintiff and the Class the applicable FLSA minimum wage for all hours worked, including the aforementioned "off the clock" and "edited out" compensable work time, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week within weekly pay periods, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §255(a).

37. Due to Defendants' willfulness and lack of any good faith basis for their FLSA violations, Plaintiff and the other members of the Class are entitled to recover from Defendants: compensation for unpaid overtime wages, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Whereas, Plaintiff, individually, and/or on behalf of herself and all other similarly situated members of the Class, request this Court to grant the following relief against Defendant:

    A.    Designation of this cause as a collective action on behalf of the Class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class membes of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. §216(b), apprising class members of the pendency of this action and permitting other

       members of the Class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B.     Award compensation for unpaid overtime wages to Plaintiff and the other members of the Class at the applicable FLSA overtime rate of pay.

C.     Award liquidated damages to Plaintiff and other members of the Class;

D.     Award prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the Class;

E.     Award costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the Class;

F.     Rule that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

G.     Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **trial by jury** on all issues so triable.

Dated: November 5, 2019                                    Respectfully Submitted,

                                                                               *s/Ronald Kim*

                                                                               Ronald W. Kim
                                                                               Ala. State Bar No: 2142-l28K
                                                                               Ron Kim Law
                                                                               262 German Oak Drive
                                                                               Memphis, Tennessee 38018
                                                                               rk@ronkimlaw.com

                                                                               and

                                        Nathaniel Bishop
                                        TN BPR No: 035944
                                        *Pro-hac vice admission anticipated*
                                        Jackson, Shields, Yeiser, Holt,
                                        Owen and Bryant
                                        262 German Oak Dr.
                                        Memphis, Tennessee 38018
                                        nbishop@jsyc.com